UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KIRBY VIAUD<br>　　　　　　*Plaintiff*<br>V.<br>EXPRESS ONE, INC. AND WILLIAM JANES<br>　　　　　　*Defendants* | CIVIL ACTION NO.<br><br>SECTION "_____"<br><br>JUDGE<br><br>MAGISTRATE |

### NOTICE OF REMOVAL TO FEDERAL COURT

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, Express One, Inc., files this Notice of Removal of an action captioned *Kirby Viaud v. Express One, Inc. and William Janes*, Docket No. 67-7751 pending in Division "B" of 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana, on the following grounds:

**I.　Factual introduction and procedural history supporting removal.**

1.　On November 14, 2022, Plaintiff, Kirby Viaud ("Plaintiff"), filed suit against Express One, Inc. ("Express" or "Defendant") and William Janes ("Janes"), in the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana. The lawsuit is entitled *Kirby Viaud v. Express One, Inc. and William Janes*, bearing docket number 67-7751, Division B.

2.　The Petition for Damages alleges Plaintiff sustained bodily injuries and other alleged damages as a result of a vehicular incident on May 23, 2022, involving a "car" driven by Plaintiff and a dump truck operated by Janes while in the course and scope of employment with Express.[1]

---

[1] Exhibit "1," Complete State Court Record, at Plaintiff's Petition for Damages, ¶¶ 2-3, 5.

3. The Petition for Damages alleges Plaintiff is a citizen of Louisiana and that defendants, Janes and Express, are domiciled in Florida and Alabama, respectively.[2]

4. The Petition for Damages alleges the value of Plaintiff's claims "equal or exceed the amount in controversy required for jurisdiction under 28 USC Code §1332."[3]

## II. Removal is proper because this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

**All parties are diverse.**

5. Plaintiff and Defendants in this matter are diverse:

   a. Plaintiff, Kirby Viaud, is domiciled in and therefore a citizen of Louisiana.

   b. Defendant, Express One, Inc., is an Alabama corporation with its principal place of business in Alabama, thereby making it a citizen of Alabama.

   c. Defendant, William Janes, is domiciled in and therefore a citizen of Florida.

**B.  The amount in controversy exceeds $75,000.**

6. 28 U.S.C. § 1332(a) provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, and is between (1) citizens of different States. . ."

7. 28 U.S.C. § 1446(c)(2) provides, "[i]f removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy[.]"

8. Here, Plaintiff's Petition for Damages (*i.e.*, the "initial pleading") expressly alleges Plaintiff's damages "equal or exceed the amount in controversy required for jurisdiction under 28 USC Code § 1332," thereby satisfying the amount-in-controversy requirement, per 28 U.S.C. § 1446(c)(2).

---

[2] *Id.* at ¶ 1.
[3] Exhibit "1," Complete State Court Record, at Plaintiff's Petition for Damages, ¶ 8.

      **C.**     **The necessary parties have consented to removal**.

9.     William Janes, the only other named defendant, has consented to this removal.[4]

**III.**     **Defendant's removal is timely.**

10.     The notice of removal of a civil suit must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). "Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons [. . .] to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B). "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C).

11.     Here, Plaintiff sought to serve Express under the Louisiana long-arm statute by sending a citation and certified copy of the Petition for Damages to Express via United States certified mail on January 28, 2023, which was received by Express on February 2, 2023.[5] This Notice of Removal has been filed by Express within 30 days of the date Express received service under the Louisiana long-arm statute. Janes, the earlier-served defendant, has consented to removal. Therefore, removal is timely under 28 U.S.C. § 1446(b).

**IV.**     **Defendant has satisfied the remaining procedural requirements for removal**.

12.     Plaquemines Parish is located within the jurisdiction of the Eastern District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

---

[4] Exhibit "2," William Janes' Consent for Removal.
[5] Exhibit "1," Complete State Court Record, at p. 10, Affidavit of Long-Arm Service on Express.

13. Pursuant to 18 U.S.C. § 1446(a), a copy of the state-court record is attached as an exhibit to this Notice of Removal.[6]

14. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff, and a copy is being filed with the Clerk of Court for the 25th Judicial District Court, Parish of Plaquemines, State of Louisiana.

**WHEREFORE**, Defendant, Express One, Inc., prays that the above action now pending in the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana, be removed therefrom to this Court.

Respectfully submitted,

**Certificate of Service**

I HEREBY CERTIFY that on the 24th day of February, 2023, the foregoing pleading was served upon all counsel of record via e-mail.

*/s/ Max C. Hadley*

*/s/ Max C. Hadley*
Sloan L. Abernathy (#35398)
sabernathy@deutschkerrigan.com
Max C. Hadley (#38764)
mhadley@deutschkerrigan.com
**DEUTSCH KERRIGAN, L.L.P.**
755 Magazine Street
New Orleans, LA 70130
Telephone: 504-581-5141
Facsimile: 504-566-1201
***Attorneys for William Janes and Express One, Inc.***

---

[6] Exhibit "1," Complete State Court Record.

4